IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-05-468-C |
| | ) | |
| DAVID E. WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff brought this action seeking to recover monies due from Defendant due to his delinquency in repaying a student loan.  Plaintiff filed the present motion asserting the material facts are not in dispute and that it is entitled to judgment in its favor.  Defendant's response brief admits the correctness of the material facts alleged by Plaintiff.[1]  The material facts are as follows:

Defendant applied for and received four Health Educational Loans ("HEAL") to cover the cost of his education at the Oklahoma Osteopathic College.  Defendant's loans were eventually purchased by the Student Loan Marketing Association ("Sallie Mae").  Defendant was to begin repaying the loans on March 6, 1986.  Defendant requested and was granted a forbearance and was thus excused from making payments on the loans from April of 1986 through September of 1988.  On December 14, 1989, Defendant filed a bankruptcy action

---

[1] Plaintiff does challenge one of the conclusions set out in fact no. 14; however, that fact is not material to the Court's determination of the issues.

in the United States Bankruptcy Court for the Western District of Oklahoma.  On January 9, 1990, Defendant filed an Adversary Complaint naming, *inter alia*, Sallie Mae.  On January 19, 1990, Sallie Mae filed a proof of claim and a notice that its loans were assigned to the United States, Health and Human Services ("HHS").  On February 27, 1990, HHS notified, by letter, Defendant and his attorney of its ownership of the loan previously owned by Sallie Mae and provided an address for any future correspondence.  On March 21, 1990, Defendant filed an Amended Adversary Complaint adding additional defendants but not HHS, despite the earlier correspondence.  On April 19, 1990, Defendant filed a Request to Enter Default, seeking entry of a default judgment against all but two of the defendants named in the adversary complaint.  On April 24, 1990, the Bankruptcy Court granted the Request to Enter Default and granted judgment against the defendants listed in the request, including Sallie Mae.

Plaintiff argues that as Defendant has failed to repay the loans, it is entitled to judgment in its favor.  In response, Defendant argues the debt was discharged by the Bankruptcy Court and Plaintiff is barred by res judicata from any further attempts at collection.[2]

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted

---

[2] In his Answer, Defendant also asserted a laches defense.  In his response brief, he asserts his withdrawal of that defense.

only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is clear from the above undisputed facts that Defendant incurred a debt that has not been repaid. The only issue raised by Defendant to challenge Plaintiff's motion is the argument that the debt was discharged in the bankruptcy action filed by Defendant in 1990

and, therefore, the present efforts are barred by res judicata.  Thus, the Court will first address the effect of the bankruptcy proceedings.

According to Defendant, the Complaint in the adversary proceeding and the Request to Enter Default listed the United States Department of Education as a defendant.  Therefore, Defendant argues the Judgment, which also listed the United States Department of Education, served to discharge the debt.  Defendant's argument misstates the clear text of the documents.  Although the United States Department of Education is listed in the caption of the documents, consideration of the text clarifies that the reference is to a debt not at issue in this case.  Paragraph 4 of the Adversary Complaint (Dkt. No. 12, Ex. 8)[3] specifies that the debt for which default judgment was sought against the United States Department of Education was a different debt than that at issue in the present case.  Paragraph 9 of that document references the debt at issue here, and the only entity given notice of the Request for Default as to that debt was Sallie Mae.  Thus, the April 24, 1990, judgment did not serve to discharge the debt sought to be enforced in the present proceeding.

Defendant's res judicata argument is likewise unavailing.  Because Plaintiff was not a party to the bankruptcy proceeding, the judgment in that case cannot serve to bar the present action.  See King v. Union Oil Co. of California, 117 F.3d 443, 445 (10th Cir. 1997):

> Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action,

---

[3] The Court notes the undue difficulty raised by Plaintiff's use of letters to denote its exhibits in the text of the brief when those exhibits are indexed numerically.  Plaintiff is admonished to use a consistent reference system in future filings.

> provided that the earlier action proceeded to a final judgment on the merits. To apply the doctrine of res judicata, three elements must exist: (1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.

(internal citations omitted). Assuming, without deciding, that Defendant can establish the first and third elements were satisfied by the bankruptcy proceedings, the undisputed material facts are that Plaintiff was not a party to the bankruptcy proceedings. Thus, Defendant cannot establish his entitlement to rely on the doctrine. Further, Defendant cannot show that Plaintiff had a full and fair opportunity to litigate the issue in the bankruptcy proceeding. The evidentiary materials demonstrate that Plaintiff was never provided notice of Defendant's intent to seek default. The only evidence of notice is that Defendant served the pleadings on Sallie Mae. Even after Defendant was notified that Plaintiff was the proper entity, there is no evidence Defendant took action to notify Plaintiff of the pending Request for Default. Thus, it cannot be said that Plaintiff had a full and fair opportunity to litigate the issue.

> The requirement that the party against whom the prior judgment is asserted had a full and fair opportunity to be heard centers on the fundamental fairness of preventing the party from relitigating an issue he has lost in a prior proceeding. *See, e.g.*, Blonder-Tongue [Lab., Inc. v. University of Illinois], 402 U.S. [313] at 334, 91 S.Ct. [1434] at 1445 (1971) (court's decision on whether a party has had a full and fair opportunity to litigate "will necessarily rest on the trial court's sense of justice and equity"). Often, the inquiry will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4423 at 216-226 (1981).

SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir. 1990).

As set forth more fully herein, the undisputed material facts demonstrate that Defendant is indebted to Plaintiff, and that debt was not discharged in bankruptcy. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 12) is GRANTED. Defendant's Counter Motion for Summary Judgment (Dkt. No. 13) is DENIED. Judgment will enter in favor of Plaintiff and against Defendant in the amount of $140,679.72 ($138,652.96, principal and $2,027.03 interest accrued through October 29, 2004), and interest to accrue at the rate of $17.57 per day or variable of 4.625% per annum from and after October 29, 2004, until the date of Judgment. Post-judgment interest shall accrue at the rate permitted by law. A separate judgment shall issue.

IT IS SO ORDERED this 13th day of April, 2006.

ROBIN J. CAUTHRON
United States District Judge

6